STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.

0    Valuation of Security    0    Assumption of Executory Contract or Unexpired Lease    0    Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

In Re:    Case No.: __18-15204__

Maria Reascos    Judge: __Meisel__

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original    ☐ Modified/Notice Required    Date: __October 8, 2018__

☐ Motions Included    ☒ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☒ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☒ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __MM__    Initial Debtor: __MR__    Initial Co-Debtor: _____

### Part 1: Payment and Length of Plan

a. The debtor shall pay $ _____170.43_____ per _____month_____ to the Chapter 13 Trustee, starting on _____August 1, 2018_____ for approximately _____36_____ months.

b. The debtor shall make plan payments to the Trustee from the following sources:

☒ Future earnings

☒ Other sources of funding (describe source, amount and date when funds are available):

2018 Tax Refund above $1500.00.

c. Use of real property to satisfy plan obligations:

☐ Sale of real property
Description:
Proposed date for completion: _____

☐ Refinance of real property:
Description:
Proposed date for completion: _____

☐ Loan modification with respect to mortgage encumbering property:
Description:
Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection ☒ NONE

    a. Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

    b. Adequate protection payments will be made in the amount of $ _____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

    a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ 1000.00 |
| DOMESTIC SUPPORT OBLIGATION | None | |
| Chapter 7 Standing Trustee Rabinowitz, Lubetkin & Tully | Administrative | 1556.79 |
| Internal Revenue Services | Priority (tax) | Balance: $930.00 |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount: Check one:

☒ None

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

## Part 4: Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

c. **Secured claims excluded from 11 U.S.C. 506:** ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☒ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☐ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| Chase Auto<br>Toyota | Automobile - Honda in possession of the Creditor<br><br>Automobile - RAV4 2015 in possession of the Creditor. | $6100.00<br><br>$23,861.38 | Surrendered in Satisfaction of the debt.<br><br>Surrendered in Satisfaction of the Debt. |

f. **Secured Claims Unaffected by the Plan** ☐ NONE

The following secured claims are unaffected by the Plan:

Flagstar Bank - mortgage.

g. **Secured Claims to be Paid in Full Through the Plan**: ☒ NONE

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
|  |  |  |

## Part 5: Unsecured Claims ☐ NONE

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $ _____ to be distributed *pro rata*

☐ Not less than _____ percent

☒ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

### Part 6: Executory Contracts and Unexpired Leases ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

### Part 7: Motions ☒ NONE

NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens Under 11. U.S.C. Section 522(f).  ☐ NONE

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

## Part 8: Other Plan Provisions

**a. Vesting of Property of the Estate**

☒ Upon confirmation

☐ Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

### c. Order of Distribution

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Attorney Fee - Administrative Expense
3) Ch.7- Standing Trustee Fees.
4) _____

### d. Post-Petition Claims

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☐ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: July 13, 2018 .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| Plan includes the payment of additional creditors. | The IRS is listed as a priority claim and the 2 automobiles were surrendered in satisfaction of the debt. |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☒ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 10/8/2018    /s/Maria Reasco
                   Debtor

Date: _____    _____
                     Joint Debtor

Date: 10/8/2018    /s/ Mary Ann McField
                   Attorney for Debtor(s)

United States Bankruptcy Court
District of New Jersey

In re:                                                                    Case No. 18-15204-SLM
Maria Reascos                                                             Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0312-2           User: admin              Page 1 of 2              Date Rcvd: Oct 12, 2018
                               Form ID: pdf901          Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 14, 2018.
db              Maria Reascos,    211 E 8th Ave,    Roselle, NJ   07203-2033
aty            +Rabinowitz, Lubetkin & Tully, LLC,    293 Eisenhower Parkway,    Suite 100,
                 Livingston, NJ 07039-1711
cr             +FLAGSTAR BANK, FSB,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
517392060       Atlantic Health System -Patient Fnancial,    100 Madison Ave,    Morristown, NJ  07960-6136
517392061       Chase Auto,    PO Box 901003,    Fort Worth, TX  76101-2003
517648136       Internal Revenue Service,    333 W. Pershing Rd.,    Kansas City, MO 64999-0193
517392065       Mariner Finance,    8211 Town Center Dr,    Nottingham, MD  21236-5904
517606969      +Rabinowitz, Lubetkin & Tully, LLC,    293 Eisenhower Parkway, Suite 100,
                 Livingston, New Jersey 07039-1711
517648135       Skin Laser - Hillsborough,    105 Raider Blvd. Ste. 203,    Hillsborough, NJ 08844-1528
517392068     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
              (address filed with court:  Toyota Motor Credit,    4 Gatehall Dr Ste 350,
                 Parsippany, NJ  07054-4522)
517643682      +Union County College,    1033 Springfield Ave,    Cranford, NJ 07016-1598
517392070       Wells Fargo,    PO Box 14517,    Des Moines, IA  50306-3517
517392071       Wells Fargo Bank,    PO Box 10438,    Des Moines, IA  50306-0438
517680410       Wells Fargo Bank, N.A.,    Wells Fargo Card Services,    PO Box 10438, MAC F8235-02F,
                 Des Moines, IA 50306-0438
517544010      +Wells Fargo Bank, N.A.,    435 Ford Road, Suite 300,    Saint Louis Park, MN 55426-4938
517392072       Wf Pll,    PO Box 94435,    Albuquerque, NM  87199-4435

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Oct 13 2018 00:15:14     U.S. Attorney,   970 Broad St.,
                 Room 502,   Rodino Federal Bldg.,    Newark, NJ  07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Oct 13 2018 00:15:10     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,   One Newark Center,   Suite 2100,
                 Newark, NJ 07102-5235
517392062      +E-mail/Text: bk.notifications@jpmchase.com Oct 13 2018 00:14:59     Chase Auto Finance,
                 National Bankruptcy Dept,    201 N Central Ave MSC AZ1-1191,   Phoenix, AZ 85004-1071
517678164      +E-mail/Text: cio.bncmail@irs.gov Oct 13 2018 00:14:36     Department of Treasury,
                 Internal Revenue Service,    P O Box 7346,   Philadelphia, PA 19101-7346
517392063       E-mail/Text: cashiering-administrationservices@flagstar.com Oct 13 2018 00:16:00
                 Flagstar Bank,    Attn: Bankruptcy Dept,    5151 Corporate Dr,   Troy, MI  48098-2639
517392064       E-mail/Text: cashiering-administrationservices@flagstar.com Oct 13 2018 00:16:00
                 Flagstar Bank,    5151 Corporate Dr,   Troy, MI  48098-2639
517392066       E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2018 00:20:12     Syncb/lowes,    PO Box 965005,
                 Orlando, FL  32896-5005
517393624      +E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2018 00:19:24     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
517654762      +E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2018 00:21:04     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,   Norfolk VA 23541-1021
517392067       E-mail/PDF: gecsedi@recoverycorp.com Oct 13 2018 00:21:04     Synchrony Bank/Lowes,
                 Attn: Bankruptcy,    PO Box 965060,   Orlando, FL  32896-5060
517623451      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Oct 13 2018 00:19:45     Verizon,
                 by American InfoSource LP as agent,    4515 N Santa Fe Ave,   Oklahoma City, OK 73118-7901
                                                                                              TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517673776        FLAGSTAR BANK, FSB
cr*             +Synchrony Bank c/o PRA Receivables Management, LLC,    PO BOX 41021,   Norfolk, VA 23541-1021
517643681*      +Internal Revenue Services,    POBox 9012,   Holtsville, NY 11742-9012
517392069*    ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
              (address filed with court:  Toyota Motor Credit Co,    Toyota Financial Services,   PO Box 8026,
                 Cedar Rapids, IA  52408-8026)
                                                                                   TOTALS: 1, * 3, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0312-2           User: admin              Page 2 of 2              Date Rcvd: Oct 12, 2018
                               Form ID: pdf901          Total Noticed: 27
```

          ***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 14, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 8, 2018 at the address(es) listed below:
              Barry J. Roy    on behalf of Trustee Jay L. Lubetkin broy@rltlawfirm.com
              Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Jay L. Lubetkin    on behalf of Trustee Jay L. Lubetkin jlubetkin@rltlawfirm.com,
               NJ57@ecfcbis.com,lvala@rltlawfirm.com,rgaydos@rltlawfirm.com
              Marie-Ann Greenberg    magecf@magtrustee.com
              Mary Ann McField    on behalf of Debtor Maria  Reascos maryann@mmcfieldlaw.com,
               G1557@notify.cincompass.com
              Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              Sherri Jennifer Smith    on behalf of Creditor    FLAGSTAR BANK, FSB nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                          TOTAL: 8
```